UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>          Plaintiff,<br><br>    v.<br><br>NATASHA FLINT, et al.,<br><br>          Defendants. | Case No. 23-cv-00832-SK<br><br>**ORDER DENYING ADMINISTRATIVE MOTION TO PROCEED UNDER A PSEUDONYM AND TO SEAL**<br><br>Regarding Docket Nos. 3, 4 |

On February 23, 2023, Plaintiff brought a motion to proceed with the instant action under the pseudonym Jane Doe and to redact any personal or identifying information. (Dkt. No. 4) Plaintiff additionally brought a motion to file her Complaint and any mentions of "Plaintiff, her identifiers, her property/data, and/or other information or entities referenced… in [any] documents filed with this Court." (Dkt. No. 3.)  Both motions are DENIED for the reasons stated herein.

**A.   Motion for Pseudonym**

"[M]any federal courts, including the Ninth Circuit, have permitted parties to proceed anonymously when special circumstances justify secrecy." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000).  Such special circumstances are present when "nondisclosure of the party's identity is necessary … to protect a person from harassment, injury, ridicule or personal embarrassment." *Id.* at 1067-68.  Plaintiff's motion does not mention any reasons why use of a pseudonym or redaction on the information requested is necessary.  Plaintiff filed her motion under California Civil Code § 1708.85, which is used in creating private causes of action where a Plaintiff alleges Defendants intentionally distributed media that displays either intimate body parts of the Plaintiff or Plaintiff engaging in sexual acts.  Plaintiff's complaint also lists California Civil Code § 1708.85 as a cause of action but does not expand on the facts underlying this cause of action. (Dkt. No. 1.)  The Court DENIES Plaintiff's motion.

### B. Motion to Seal

A party seeking to seal a document filed with the court must (1) comply with Civil Local Rule 79-5; and (2) rebut the "strong presumption in favor of access" that applies to all documents other than grand jury transcripts or pre-indictment warrant materials. *Kamakana v. City & Cnty. Of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotations omitted).

With respect to the first prong, Local Rule 79-5 requires, as a threshold, a request that (1) "establishes that the document, or portions thereof are privileged, protectable as a trade secret or otherwise entitled to protection under the law"; and (2) is "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

As to the second prong, the showing required for overcoming the strong presumption of access depends on the type of motion to which the document is attached. "[A] 'compelling reasons' standard applies to most judicial records. This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Pintos v. Pac. Creditors Ass'n,* 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 n. 7 (1978)). To overcome this strong presumption, the party seeking to seal a judicial record must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana,* 447 F.3d at 1178-79 (internal citations omitted).

Plaintiff requests a wholesale seal of the entire case. (Dkt. No. 3.) In support of this broad request, Plaintiff states she does not wish to "humiliate" the Defendants and cause them to attack her and that the case involves issues of national security. The Court does not find support for these arguments based on the facts alleged in the motion and complaint and does not find these arguments support a complete seal of the case. If Defendants wish to proceed under pseudonyms, they may file motions with the Court.

//
//
//
//
//

1  The Court DENIES Plaintiff's motion to proceed under a pseudonym WITHOUT PREJUDICE to Plaintiff refiling her motion with further reasoning for the use of a pseudonym and redaction of identifying information.  The Court DENIES Plaintiff's motion to seal WITHOUT PREJUDICE to Plaintiff filing a more narrowly tailored motion.

**IT IS SO ORDERED**.

Dated: April 26, 2023

_____
SALLIE KIM
United States Magistrate Judge